UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DAVID OPPENHEIMER,            Case No.

       Plaintiff,

v

DANNY FIELDS PUGH;
PAUL S. HEATHMAN; and
MOUNTAIN DREAMS REALTY of
WNC, INC.
       Defendants,

## COMPLAINT AND JURY DEMAND

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, Danny Fields Pugh ("Pugh"), Paul S. Heathman ("Heathman"), and Mountain Dreams Realty of WNC, Inc. ("MDR") (collectively, "Defendants") alleges:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.).

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## THE PARTIES

3. Oppenheimer is a citizen of North Carolina engaged in the business of professional photography, and who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. Pugh is an individual citizen of the State of North Carolina, as well as a broker and agent, and upon information and belief, manager, member, registered agent, and/or other genre of principal MDR. Pugh will receive actual notice of this filing by service upon him at 560 Phacelia Ln, Mars Hill, NC 28754, or at 3457 Soco Road, Maggie Valley, NC 28751, or wherever he may be found.

5. Heathman is an individual citizen of the State of North Carolina, as well as the owner/broker in charge, manager, member, registered agent, and/or other genre of principal MDR. Pugh will receive actual notice of this filing by service upon him at 3457 Soco Road, Maggie Valley, NC 28751, or wherever he may be found.

6. MDR is a North Carolina corporation and will receive actual notice of this Complaint by service upon its registered agent, Paul S. Heathman., at its registered office, 3457 Soco Road, Maggie Valley, NC 28751.

## INTRODUCTORY FACTS

7. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in photograph discovered by Oppenheimer (the "Work"). Attached hereto as **Exhibit 1**

8. Oppenheimer makes his photographic works available for print sales and licensing online at his website http://performanceimpressions.com.

9. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and registered the copyright with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration for the registration for the Work entitled "Aerial and Aviation Photographs Taken on Nov. 1 2013," Registration No. VAu 1-156-844, and the photograph on deposit at the U.S. Copyright Office for said registration certificate.

10. At all relevant times hereto, Oppenheimer has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registered photographic Work. Oppenheimer's copyrights in the above-described Work are presently valid and subsisting, and were valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

11. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information (hereinafter, "CMI") on his copyrighted photographs when they are first published by him, and thereafter. The Work at issue in this case, when published, prominently displayed his CMI in an adjacent caption, with a facial watermark, as well as embedded in the metadata of the Work. Thus, Defendants were on notice that the Work was copyright-protected.

12. Fewer than three years before this filing, Oppenheimer discovered that one or more of the Defendants, or someone at their direction, infringed his copyrights by copying and publishing (or directing others to do so) his protected Work on Defendants' website www.maggievalleyhomesales.com in order to advertise, market, sell, and/or rent different vacation properties in western North Carolina. See **Exhibit 3**. Upon information and belief, on behalf of and/or at the direct of Defendants Heathman and MDR, Defendant Pugh located and accessed

Oppenheimer's Work on his website, http://www.performanceimpressions.com, or through a Google image search, scraped the image, and uploaded it to the MDR website without authorization or license.

13. Oppenheimer's attorney sent Defendants formal letter placing Defendants on notice of their infringement of the copyrighted Work, and requested information about the nature and extent of their infringing activities (**Exhibit 4**).

14. Through numerous communications, the parties attempt to negotiate an agreed settlement, but were unable to reach an amicable resolution; suit has thus become necessary.

## CAUSES OF ACTION
## COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

15. Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

16. Defendants, without knowledge or intent, have infringed Oppenheimer's copyrights in and to the Work shown on Exhibits 1 and 2 to this Complaint by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17 USC §101 *et seq.*

17. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in the Act.

## COUNT II – RECKLESS OR WILLFUL COPYRIGHT INFRINGEMENT

18. Oppenheimer re-alleges and incorporates paragraphs 1 – 174 above as if recited *verbatim*.

19. Alternatively, Defendants recklessly or willfully infringed Oppenheimer's copyrights in and to the Work shown on Exhibits 1 and 2 to this Complaint by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17 USC §101 *et seq.*

20. Because Oppenheimer's Work at issue in this case, when published, prominently displayed his CMI on its face with a watermark, embedded in the metadata of the Work, as well as in an adjacent caption, Defendants were on notice that the Work was copyright-protected, yet they infringed it anyway.

21. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in the Act.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

22. Oppenheimer re-alleges and incorporates paragraphs 1 - 14 hereinabove as if recited *verbatim*.

23. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time the infringing acts were performed, Heathman was the owner, manager, realtor, member, registered agent, and/or other genre of principal of MDR.

24. On information and belief, Heathman controlled nearly all decisions of MDR, and was the dominant influence in the company. Heathman provided hands-on decision making with respect to the activities of the company, making most if not all of the decisions. Heathman therefore had the right and ability to supervise and/or control the infringing conduct of MDR, and/or to stop the infringements once they began. Upon information and belief, Heathman had obvious and direct

financial interests in the infringing activities of MDR.

25. Accordingly, Heathman is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the infringing activities of MDR.

## COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

26. Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

27. Alternatively, Heathman has caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements; and/or he has refused to exercise his right and/or ability to stop the infringement(s) after they began.

28. On information and belief, Heathman controlled nearly all decisions of MDR, and was the dominant influence in the company. Heathman provided hands-on decision making with respect to the activities of the company, set and controlled the companies' policies and protocols, and established company rules and cultures which appear to have allowed or even encouraged the infringing activities. Additionally, Heathman had the right and ability to supervise and/or control the infringing conduct of MDR, and/or to stop the infringements once they began. However, he either refused to exercise such rights, or he chose to remain blind to the infringing activities, all while maintaining a work environment that allowed them. Additionally, upon information and belief, Heathman had obvious and direct financial interests in the infringing activities of MDR.

29. Accordingly, Heathman is personally liable to Oppenheimer as a contributory infringer for the infringing activities of MDR.

## CAUSATION/DAMAGES

30. As a result of Infringers' above-described acts of copyright infringement,

Oppenheimer has sustained actual damages in an amount not yet ascertained, but which discovery will illuminate. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringers' profits attributable to their infringements, statutory damages, research time tracking down and documenting the infringements, and time spent serving third parties displaying the infringing with take down and preservation of data notices.

## RELIEF REQUESTED

31. Oppenheimer demands an accounting by Defendants of their infringing activities, and disgorgement of their gross profits, and/or all other benefits attributable to said infringements.

32. Oppenheimer is entitled to recover and therefore seeks recovery of actual damages, plus all of Defendants' profits attributable to the infringements

33. Alternatively -- and at Oppenheimer's post jury verdict election -- because the image was registered prior to Defendants' infringements, Oppenheimer is entitled to, and seeks the recovery of statutory damages, up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars), plus costs, including Lodestar Costs, pursuant to 17 U.S.C. § 504(c) and §505.

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

34. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing and/or otherwise distributing any of his photographic images, and from using his images in sales, marketing, and/or advertising;

35. That Defendants be required to deliver-up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images,

and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

36. That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

37. That Defendants be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

38. In the alternative, at Oppenheimer's election after jury verdict, that Defendants be ordered to pay the maximum statutory damages of $150,000 pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem proper;

39. That Defendants be ordered to pay to Oppenheimer all of his Lodestar costs including attorney's fees; *and*

40. That Oppenheimer recover judgment for such other and further relief as this court deems just and proper, including prejudgment interest on all sums due.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Respectfully submitted,

*/s/Dana A. LeJune*
Dana A. LeJune
Texas Bar No. 12188250
1225 North Loop W.
Suite 825
Houston, Texas 77008
Tel.: 713.942.9898
Fax: 713.942.9899
dlejune@triallawyers.net

COUNSEL FOR PLAINTIFF
DAVID OPPENHEIMER